AYRES, Judge.
This is an action for damages for the destruction of a truck and its contents by fire while the truck was in the possession of the named defendant for repairs. The defense is that neither the fire nor the damages resulting therefrom was due to or caused by any fault or negligence of the defendants. The defendants are the above-named partnership, its individual members and its insurer, Lumbermens Mutual Casualty Company.
The facts material to the issues presented, concerning which there is little or no dispute, may be briefly stated. Destroyed was a 1957 Model Ford truck with a van-type body, purchased new by plaintiff in June, 1957, and used by him in the operation of his business of transporting and distributing motion picture films and newspapers. Following the installation of a new motor, the vehicle covered the 232-mile route without any untoward incident. However, on repeating the trip the following day, the motor ceased to function properly and backfired through the carburetor on attaining a speed of 40 to 45 miles per hour. On completion of the trip during the early morning hours of January 14, 1959, plaintiff drove the truck to defendant’s place of business in Bossier City and left it. On defendant’s opening for business, plaintiff called R. C. Peacock, Jr., a partner and mechanic, by telephone, informed him of the difficulties experienced with the truck and requested that a check or examination be made to determine the cause of the improperly-functioning motor; and that, also, he make the necessary repairs. Whereupon Peacock made a road test by driving the truck five miles northward on the Benton Highway, where he turned and reversed his course, and, after proceeding about a mile, the truck caught on fire and burned. The truck was brought to a stop within a distance of approximately 150 feet from the point where the fire was discovered. Unable to extinguish the fire, Peocock removed some personal effects from the truck.
From his aforesaid experience with this particular vehicle, and from his training and experience as an automobile mechanic, Peacock testified the fire was caused by the leakage of gasoline from a fuel line or other part of the fuel system. Obviously, such leakage could have been discovered without making a road test on merely starting the engine or possibly even without starting it. Nevertheless, no effort or attempt was made to ascertain the cause of the engine’s malfunctioning before beginning the road test, although plaintiff’s report indicated to the witness as an experienced mechanic, there was a leak in the fuel system likely to precipitate a fire and a destruction of the vehicle.
In Leigh v. Johnson-Evans Motors, Inc., La.App., 75 So.2d 710, involving a comparable factual situation, we extensively reviewed the applicable jurisprudence and it was held that, where an automobile, after delivery to defendant’s garage for repairs and while in the exclusive possession and control of defendants, a fire occurred resulting in its destruction, ffie doctrine of res ipsa loquitur applied imposing upon the defendant the duty of showing that the occurrence of the fire was, at least, consistent with the exercise of due care on *662 the part of the defendant and its employees. It was further held that the bailor-bailee relationship did not preclude the application of the doctrine and relieve the defendant of the burden of absolving itself from fault; and that, where defendant failed to rebut the inference of negligence, it was required to bear the loss sustained by plaintiff. See, also: Gulf Ins. Co. v. Temple, La.App., 187 So. 814; Holder v. Lockwood, La.App., 92 So.2d 768; Jeter v. Lachle, La.App., 106 So.2d 808.
The record discloses, in the instant case, facts and circumstances which we are unable to reconcile with due care on the part of the defendant. Defendant could, and should, have made an inspection before beginning the road test. Under such circumstances, ’the test which Peacock says could have been made by a dynamometer could have been simulated: the rear wheels could have been jacked up, the motor started and raced to the desired speed in defendant’s place of business, where, no doubt, there should have been, and doubtless were, the necessary equipment and appliances for use in extinguishing fires in emergencies. In view of these obvious dangers, it can only be concluded that defendant was negligent in road testing the vehicle without available means of preventing the fire and avoiding its destructive effect. We are, therefore, unable to reconcile defendant’s acts with due care and freedom from fault. The inference of negligence supplied by the doctrine of res ipsa loquitur has not been rebutted and, therefore, the loss sustained by plaintiff should be borne by the defendants.
Next, logically, for consideration is the question of quantum made an issue by this appeal. We find no basis for disagreeing with the trial court’s determination of $1,600 as the fair market value of the truck, even though plaintiff testified the truck was worth $1,800, in view of the testimony of an expert produced by the defendants who fixed its value at $1,600. We find no manifest error as to this item.
As for the personal property burned and destroyed along with the truck, the record establishes a value of $83.85. The judgment in this respect should be increased accordingly.
We find no merit in the claim for truck rental to replace the one burned in the fire. Plaintiff is compensated for the destruction of the vehicle as of its fair market value. The rental sought to be recovered was incurred because of the delay occasioned in repurchasing another vehicle, due to the delay of settlement for the loss by plaintiff’s collision insurer. This was not due to any fault of either of these defendants and the claim was, therefore, properly disallowed.
The defendant’s insurer further complains of the allowance as against it of damages for the destruction of the personal property. Reference to the policy indicates the correctness of this contention as the policy does not afford coverage for these items.
For the reasons assigned, the judgment appealed is amended and recast so as to read as follows:
It is therefore ordered, adjudged and decreed there be judgment herein in favor of the plaintiff, Leonard M. Johnson, and against the defendants, Lumbermens Mutual Casualty Company, Supreme Truck & Trailer Service, and the latter’s individual partners, Robert C. Peacock, Jr., and Eddie P. Crawford, in solido, for the full sum of $1,600, with 5%. per annum interest thereon from judicial demand until paid, together with all costs, and there be further judgment in favor of plaintiff Leonard M. Johnson against Supreme Truck & Trailer Service and its individual partners, Robert C. Peacock, Jr., and Eddie P. Crawford, in solido, for the full sum of $83.85, with legal interest thereon from judicial demand until paid, and, as thus amended and recast, the judgment is affirmed at defendants-appellants’ cost.
Amended and affirmed.