122 So.2d 111 (1960)
GREAT AMERICAN INDEMNITY COMPANY, Plaintiff-Appellee,
v.
C. C. FORD, d.b.a. Ford's Gulf Station, Defendant-Appellant.
No. 9231.
Court of Appeal of Louisiana, Second Circuit.
June 22, 1960.
*112 Graydon K. Kitchens, Minden, for appellant.
Campbell, Campbell & Marvin, Minden, for appellee.
AYRES, Judge.
This is an action in tort. Plaintiff, as the subrogee of its assured, W. B. Coussons, seeks reimbursement of damages paid by it to its assured as the result of damages sustained to the assured's Chevrolet automobile by a fire occurring while the automobile was in the control and possession of the defendant for servicing, including the cleaning of the motor.
During the cleaning process, the motor caught fire and was damaged to the extent of $156.89, which was expended for its repair, and, upon the payment of which, in accordance with the terms of an insurance policy covering the automobile, plaintiff was subrogated to the assured's rights and cause of action against the defendant.
To establish liability on the part of defendant, plaintiff primarily relies upon and invokes the doctrine of res ipsa loquitur, although, in the alternative, it is alleged defendant was negligent in using and applying an inflammable and combustible cleaning fluid to a hot motor when he knew, or should have known, of the likelihood of said material's becoming ignited; and that he knew, or should have known, that it was unsafe to use said fluid, particularly upon a hot motor. To plaintiff's action, defendant first filed and unsuccessfully urged an exception of no cause and of no right of action. Then, in answer to plaintiff's demands, defendant admitted delivery of the automobile to his station and into his possession for the purposes alleged by plaintiff, but denied any acts of negligence on his part. The fire, he alleged, occurred while the motor was being cleaned with a fluid known as "Dygex."
After trial, there was judgment in plaintiff's favor and defendant appealed. The appeal presents, for resolution, only a question as to defendant's liability. The damages were stipulated and the exception may be considered abandoned inasmuch as it has not been urged on appeal.
The facts material to the question to be determined may be briefly stated. The car was delivered by Coussons' wife, at his request, to defendant's station for servicing and cleaning of the motor, as plaintiff contends. The vehicle had been driven from Dubberly to Minden, a distance of several miles, and the motor was hot. The cleaning fluid used was a mixture of one quart *113 of Dygex and six quarts of kerosene, prepared by the defendant. After preparing the cleaning fluid, the car was backed into the wash bay, whereupon defendant told the porters that, as the motor was hot, he would apply the cleaning fluid himself; and for them to make ready the air hose and water hose, and be prepared to wash the motor down and rinse the fluid from the motor. To a helper's question inquiring if defendant wanted the helper to clean the motor, defendant replied, "I told him no, the motor was hot and maybe I had better apply it myself, because I wanted to take every precaution on a hot motor, * * *." During the process of applying this fluid and after a considerable portion of the motor had been covered, a fire originated, as stated by the defendant, from a switch on top of the starter, spreading to the side of the motor and battery cable in a form comparable to an explosion.
The defendant was in the exclusive possession and control of the assured's automobile at the time the fire occurred. The offending agency, or instrumentality, primarily responsible for the occurrence of the fire was the inflammable and combustible cleaning fluid used by the defendant. A fire such as occurred in the instant case does not occur in the ordinary course of events, in the servicing of a car or in the cleaning of its motor, and its occurrence under the aforesaid circumstances imposes the duty upon the defendant of showing that its occurrence was at least consistent with the exercise of due care on his part. If the occurrence was capable of explanation, eliminating the inference of negligence, defendant should have offered such an explanation. Since no explanation was offered, the conclusion is inescapable, under the doctrine of res ipsa loquitur, that the fire was caused by defendant's negligence or want of care.
The phrase, "res ipsa loquitur," literally translated means "The thing itself speaks" or "The thing speaks [for] itself." This doctrine, that when a thing which causes injury without fault of the injured person is shown to be under the exclusive control, actual or constructive, of a defendant and the injury is such as, in the ordinary course of things, does not occur if the one having control uses proper care, then the injury is presumed to have arisen from the defendant's negligence or want of care. 65 C.J.S. Negligence § 220 (2), p. 987; Saunders v. Walker, 229 La. 426, 86 So.2d 89; Gerald et ux. v. Standard Oil Co. of Louisiana, 204 La. 690, 16 So.2d 233; Lykiardopoulo v. New Orleans & C. R. Light & Power Co., 127 La. 309, 53 So. 575; Shields v. United Gas Pipe Line Company, La.App., 110 So.2d 881; Holder v. Lockwood, La.App., 92 So.2d 768; Leigh v. Johnson-Evans Motors, Inc., La.App., 75 So.2d 710; Johnson v. Lousiana Coca-Cola Bottling Co., Limited, La.App., 63 So.2d 459.
This doctrine finds application, in bailor-bailee relationships, to the extent of the liability of the depositary to use the care expected of a prudent administrator, and presupposes the same diligence in preserving the deposit that he uses in preserving his own property. Holder v. Lockwood, supra; Hazel v. Williams, La.App., 80 So.2d 133; Leigh v. Johnson-Evans Motors, Inc., supra; LSA-C.C. arts. 1908, 2937, 2938.
Thus, where a depositor or bailor has proved injury, he thereby establishes a sufficient prima facie case against the depositary, or bailee, to put him on his defense, and casts on the bailee the burden of showing that the loss was due to other causes consistent with due care on his part. This rule is regarded as an application of the principle of res ipsa loquitur and, if the bailee does not sustain such burden, the bailor is entitled, as a matter of law, to recovery. 8 C.J.S. Bailments § 50, p. 343.
Moreover, we are not so certain that plaintiff would not be entitled to recovery in the absence of invoking the doctrine of res ipsa loquitur, as defendant, by his own testimony, admittedly recognized the danger *114 of using the inflammable material in cleaning a hot motor of an automobile, as he forbade one of his employees to do the work, but took the task upon himself.
Defendant relies primarily upon a recent decision of his court in Shields v. United Gas Pipe Line Company, supra. The two cases are readily distinguishable upon the facts. The plaintiff in the Shields case was a service station attendant, servicing a truck of the defendant when the explosion occurred. The agency, or instrumentality, causing the injury was not established or shown to be in the exclusive control of the defendant. Here, the evidence leaves no doubt but that the fire was caused, precipitated, and brought about by the inflammable and combustible cleaning fluid used by the defendant.
For the reasons assigned, the judgment appealed is affirmed at appellant's cost.
Affirmed.