CHASEZ, Judge.
Plaintiff, Alphonse A. Michaels, filed these proceedings to recover damages to his automobile from defendant, Gravier Improvement Company, Inc., the operator of a parking garage. From a judgment in plaintiff’s favor, defendant brings this appeal.
Plaintiff drove his car on to defendant’s premises for parking on July 18, 1961, at about 4:30 p. m. The car had been inspected for and tuned to good and smooth running condition about a week previously. He returned for the car at about 5:15 p. m., and found the car still on the ground level (rather than on one of the parking decks above ground). He paid for his parking, and tried to start his car. The engine would not turn over; efforts at starting resulted only in a “click.” An attendant attached a battery charger and gave a quick charge to the battery, but the engine still would not even turn over.
The attendant then called the Mike Persia Chevrolet Company, which sent a tow-wagon for plaintiff’s car. Plaintiff did not have that garage make the repairs, he testified, because he did not believe their report of the damage to his car. He had the car repaired by his regular mechanic, at a cost of $760.17. That mechanic testified as an expert that the damage could only have been caused by racing the engine or by driving the car at high speed. The engine was “burst” and “blown up” as a result of a valve “floating” at high engine speed, a piston knocking the head of the valve off and jamming the valve against the cylinder head, “and when it does, it bursts the cylinder walls, the head and blows the *262 engine completely up”; “torn up as bad as it was, that’s about the only thing that could have happened.”
The only testimony presented by defendant relative to the July 18th occurrence was that of one of its garage attendants. He was present when plaintiff brought the car into the garage in operating condition, and testified the car engine stopped normally as if plaintiff had turned off the ignition switch. The attendant then drove another car up to the above-ground parking decks. He estimates he was gone about a minute, and when he returned “they have about six men there—no, it’s more than that at the time, because we had three night men that come on, I’d say, nine men, we couldn’t get Mr. Michaels’ car started * * While he also said the car was never started after plaintiff left it, this statement must be construed in connection with his testimony that he was away from the ground floor at first, parking another car, that usually plaintiff’s car started in five seconds, and that he didn’t know what happened to the car while he was on the upper parking levels.
Defendant’s entire argument on this appeal is that plaintiff has not borne his burden of proof on an essential element of his case, namely, the return of the car in the damaged condition sued for. Defendant concedes that plaintiff has shown the damage sued for had occurred as of the time the car left the Mike Persia Company, but insists that plaintiff has not shown that that damage had occurred as of the time the car left defendant’s garage. Defendant suggests the possibility that the Mike Persia Company may itself have caused the major damage sued for, after having remedied the trouble which, at the parking garage, had prevented the car from starting.
Defendant’s counsel refers in his brief and oral argument to a bill from Mike Persia which he says “shows that the starter was removed, checked and installed”. This bill was not introduced or filed in evidence and is not physically a part of the record. However, a bill in such language would in any case not support defendant’s hypothesis, since at best it would show only a “checking” of the starter, and would suggest there was nothing wrong with the starter.
We consider defendant’s suggestion that the damage might have occurred at the Mike Persia Company highly improbable; defendant might as well suggest that the mechanic who repaired the car could, after all, also have caused the damage. We reiterate that plaintiff has shown the return by the defendant of the car in so inoperable a condition that the engine could not even be turned over, not even after charging the battery. This evidence fully shows that the engine had some serious disability at the time defendant returned the car to plaintiff, and in our opinion it cannot be said that the trial court committed manifest error in concluding that the entire damage had occurred at that time.
The proof required of a plaintiff in a civil action is said in our jurisprudence to be the preponderance, or a fair preponderance of the evidence, establishing his case with reasonable certainty, or as a reasonable probability rather than as an absolute certainty. A civil case need not be proved beyond a reasonable doubt, and there is no requirement that circumstantial evidence in a civil case must exclude every other hypothesis, as in criminal cases.
We believe that plaintiff’s evidence, discussed above, establishes his case with reasonable certainty by the preponderance of the evidence. We conclude, as did the trial judge, that plaintiff’s car had suffered the full damages complained of when it was returned to plaintiff by defendant at its garage.
Where a depositor proves delivery in good condition and return in damaged condition, he establishes a prima facie case against the depositary, and places upon the *263 depositary the burden of showing the damage was due to other causes consistent with due care on the depositary’s part; if the depositary does not sustain that burden the depositor is entitled to recovery. Great American Indemnity Company v. Ford, 122 So.2d 111 (La.App.1960).
Defendant’s evidence, by a witness who was absent from the scene for at least a minute at the most pertinent time, does not rebut the prima facie case established by plaintiff’s evidence.
Accordingly, the judgment appealed from is affirmed at appellant’s cost.
Affirmed.