CHASEZ, Judge.
Plaintiff, Michigan Millers Mutual Insurance Company, as the insurer of William F. Akers’ outboard motor boat and *343 motors, sues as Akers’ subrogee to recover some $1,400.00 damages to the boat and motors which occurred while defendant, Earl R. Lawson, was trailing the boat on its trailer hitched to his pickup truck.
From a judgment rejecting its demands, plaintiff appeals.
Defendant operates a marina, where he keeps boats and launches them, sells bait and ice, and works on motors. Akers’ boat was kept at defendant’s marina for a monthly rental of $14.00.
When Akers decided to take his boat to Florida, he asked defendant to trailer his boat and to properly balance it on the trailer, since he had experienced some trouble resulting from an imbalance. Defendant agreed to do this without compensation. To accomplish the proper balance, defendant road-tested the trailered boat and found it leaning and not balanced. He stopped, moved some gas tanks forward to put more weight on the front of the trailer, and resumed testing. He had driven about three or four miles, and was moving about 40 miles per hour when the ball hitch on his pickup truck broke and the trailer and boat left the road, resulting in the damage sued for.
The hitch was a new hitch, bought four months earlier and used by defendant during the intervening period without any trouble. The ball was attached with a five-eighths inch bolt, which broke with “a good, clean break.”
The theory of plaintiff’s case is that defendant was a compensated depositary, subject under LSA-C.C. Art. 2938 to rigorous enforcement of Art. 2927’s requirement of the care of a prudent administrator. Plaintiff also argues the applicability of res ipsa loquitur, citing Great American Indemnity Company v. Ford, 122 So.2d 111 (La.App.1960), to show the applicability of the rule to bailor-bailee relationships.
The facts in this case do not suggest the position of compensated depositary for defendant, insofar as his activities in balancing the boat are concerned. But even assuming such a relationship, the record shows that defendant exercised all due care. Four months’ trouble-free use of a new hitch would surely justify confidence in its good condition (and there is no evidence to suggest it was not in good condition). Were the hitch manufacturer being sued, perhaps res ipsa loquitur would require him to prove the good condition of the hitch; but all defendant need do (even under our assumption he was a compensated depositary) is show his own freedom from negligence, his own exercise of due care.
The record also shows the boat was properly placed upon the trailer, and the trailer properly connected to the hitch. Akers knew — and plaintiff is his subrogee — ■ that the boat was not fully balanced, and asked defendant to try to balance the unbalanced boat. Accordingly plaintiff cannot complain of a simple circumstance of trailing the boat in an unbalanced condition. Defendant so trailed the boat for about a mile, then took steps to remedy the imbalance. Whether those steps completely remedied the imbalance does not appear, although one might conclude, from the circumstance that defendant drove on three or four miles without stopping, that the balance was better than before.
To the question asked defendant, whether the improper balance could cause the hitch to break, plaintiff objected on the ground that defendant was not qualified to give an expert engineer’s opinion. Judging from defendant’s testimony that he did not usually balance boats, we believe he was also not qualified by practical experience to answer the question. But plaintiff’s very objection to that question shows that not even plaintiff would charge defendant with having known that trailing an unbalanced boat could cause the trailer hitch to break; accordingly, defendant could not have been negligent, could not have lacked in due care, *344 by trailing the unbalanced boat as requested by plaintiff’s subrogor.
We are inclined to view the situation as did Akers, the insured, who considered the accident “just one of those things that happen.”
The judgment appealed from is affirmed at plaintiff’s cost.
Affirmed.