187 So.2d 526 (1966)
Alton A. NEELY
v.
August A. TAMBURELLO, d/b/a Tamburello's Garage.
No. 2255.
Court of Appeal of Louisiana, Fourth Circuit.
June 6, 1966.
*527 Sessions, Fishman, Rosenson & Snellings, Robert E. Winn, New Orleans, for plaintiff-appellee.
George E. Weigel, New Orleans, for defendant-appellant.
Before SAMUEL, HALL and BARNETTE, JJ.
SAMUEL, Judge.
This suit for damages to plaintiff's automobile was instituted against the operator of a parking lot or garage. Defendant has appealed from a judgment awarding plaintiff the sum of $211.
Only three witnesses testified during the course of the trial (plaintiff, defendant and an expert automobile appraiser called by plaintiff) and the following facts are not in dispute: Defendant was the operator of a parking lot or garage patronized by plaintiff over a period of several years. In the morning of August 28, 1964 plaintiff left his 10 year old Chevrolet in the defendant's place of business for parking and washing. As was his regular practice, he took the car keys with him, leaving the ignition switch open. During that day the car was stolen while it was in defendant's possession. It was recovered approximately 10 days later in a damaged condition.
Plaintiff testified that during the afternoon of August 28 he received a telephone call from the defendant informing him the car had been stolen from the street where it had been parked after being washed. Defendant denied telling this to the plaintiff and also denied the car had been parked on the street. Defendant further testified that on numerous prior occasions he asked plaintiff to leave the car keys with him, pointing out the danger of theft resulting from the open switch, but on every such occasion plaintiff refused to comply with the request and defendant had ceased making it because he knew plaintiff would only refuse again. Defendant admitted he did not make the request on the day of the theft. Plaintiff testified he always took the car keys with him, leaving the switch open, and had never been asked to leave the keys with the defendant.
In this court defendant makes two contentions: (1) plaintiff was guilty of negligence in not leaving the keys with the defendant, thus increasing the possibility of theft, and this negligence bars a recovery; and, alternatively, (2) plaintiff failed to prove his damages with sufficient certainty. We cannot agree with either contention.
The operator of a parking lot or garage is a "compensated" depositary or, employing the use of common law terminology, a "compensated bailee", and LSA-C.C. Arts. 2926 et seq. are applicable. LSA-C.C. Art. 2926 places upon the depositary the obligation of preserving and returning the property deposited and LSA-C.C. Art. 2937 binds the depositary to use the same diligence in preserving the deposit as he uses in preserving his own property, the diligence required being the use of ordinary care such as is expected of a prudent man. Plummer v. Motors Insurance Corporation, 233 La. 340, 96 So.2d 605; General Accident Fire & Life Assur. Co. v. J.F.D.L., Inc., La.App., 148 So.2d 857; Fireman's Fund Indemnity Company v. Sigard, La. App., 129 So.2d 258; Standard Motor Car Co. v. State Farm Mut. A. Ins. Co., La. App., 97 So.2d 435.
Our settled jurisprudence is that the establishment by the depositor of the existence of the deposit and damage to the property while deposited raises a presumption that the damage resulted from the depositary's negligence or fault and the burden is then upon the depositary to exonerate himself from that presumption. *528 Brown & Blackwood v. Ricou-Brewster Building Co., 239 La. 1037, 121 So.2d 70; Lewallen v. Board of Levee Com'rs of Orleans L. Dist., La.App., 166 So.2d 566; Jacques v. City Parking Service, La.App., 97 So.2d 78; Olinde Hardware & Supply Co. v. Ramsey, La.App., 98 So.2d 835.
As the record contains no direct evidence relative to the circumstances under which the automobile was stolen, it is quite clear that the defendant has failed to carry his burden of proving the damage to the car did not result from his negligence or fault. The only evidence in the record relative to those circumstances is plaintiff's testimony that defendant informed him by telephone the car had been stolen from the street and the defendant's denial of the fact that he had given this information to the plaintiff. It is therefore unnecessary for us to pass upon the question of whether or not plaintiff was negligent in not leaving the car keys with the defendant, although it would appear that the added danger of the car being stolen because of the open switch would place a greater degree of care on the depositary. See Kaiser v. Poche, La.App., 194 So. 464, 466. Plaintiff is entitled to recover those damages which resulted from the theft of his automobile.
Plaintiff's expert witness was Mr. Fred M. Ducote, who had been engaged in the business of making appraisals and estimates of damages to automobiles for approximately 17 years. Mr. Ducote estimated the damage done to the car after its theft and prior to its recovery amounted to a total of $316.23. However, as this exceeded the value of the car before the theft, which in his opinion was $250, and as the car had a salvage value of $50, he concluded the damages resulting from the theft amounted to $200. His written estimate, which was introduced in evidence, contains an itemized list of the repairs to be made and the cost of each such repair. Plaintiff identified these items as damages incurred after the theft took place and Mr. Ducote confirmed that the damages which required the itemized repairs appeared to him to be of sufficient recent occurrence as to have been sustained at the time of the theft. We are satisfied that plaintiff has proved his damages with sufficient certainty and point out that the judgment for $211 includes Mr. Ducote's bill of $11 for making the appraisal.
The judgment appealed from is affirmed.
Affirmed.