TUCKER, Judge.
This suit arose as the result of a collision between an automobile driven by Philip R. Haik and owned by Nicole Simoneaux d/b/a Rite-Way Driving School and one driven by Henry Stewart, an employee of Edward Zibilich d/b/a Zibilich’s Esso Service Station. The car driven by Mr. Stewart was owned by Dr. William K. Taylor and it was stipulated that it was being driven either to or from Zibilich’s Esso Service Station at the time of the accident. The collision occurred at the intersection of General Pershing and Carondelet Streets in the City of New Orleans at about 11:30 a. m. on December 29, 1964.
Suit was filed by Dr. Taylor and his subrogated insurer, Maryland Casualty Company, for damages to Dr. Taylor’s automobile totalling $347.88, including the $100.-00 deductible amount paid by Dr. Taylor. The original defendants were Mr. Haik, Mr. Simoneaux d/b/a Rite-Way Driving School, Mr. Zibilich d/b/a Zibilich’s Esso Service Station, and John Doe Insurance Company, later discovered to be Employers’ Liability Assurance Corporation. (Subsequently, plaintiffs filed an amended petition joining Mr. Stewart as a party defendant.) An answer was filed by Mr. Haik and Mr. Simoneaux who reconvened against plaintiffs for damages to the Rite-Way automobile, loss of use of this vehicle, and damages for the repair of Mr. Haik’s lower false teeth plate. Mr. ,Haik and Mr. Simoneaux also filed a reconventional demand, which should more properly have been termed a third-party demand, against Mr. Zibilich, Zibilich’s Esso Service Station, John Doe Insurance Company, and Henry Stewart, praying for the same relief. An answer was also filed by Mr. Zibilich d/b/a Zibilich’s Esso Service Station and Employers’ Liability Assurance Corp. denying any responsibility to either the original plaintiffs or the plaintiffs in “reconvention,” alleging that the sole and proximate cause of the accident was the negligence of Mr. Haik.
Judgment was rendered in favor of Dr. Taylor for $100.00 and Maryland Casualty Company for $247.88 and against Mr. Zib-ilich d/b/a Zibilich’s Esso Service Station and Employers’ Liability Assurance Corp. Plaintiffs’ suit against Mr. Haik and Mr. Simoneaux d/b/a Rite-Way Driving School was dismissed. The reconventional demand by Mr. Haik and Mr. Simoneaux against Dr. Taylor and Maryland Casualty Company was also dismissed. There was no mention of the third-party demand of Mr. Haik and Mr. Simoneaux against Mr. Zibilich and and Employers’ Liability Assurance Corp. thus it is assumed that this demand was also dismissed. From this judgment Mr. Zibi-lich d/b/a Zibilich’s Esso Service Station and Employers’ Liability Assurance Corp. have taken this appeal.
A brief was filed by Mr. Haik and Mr. Simoneaux as “defendants-appellants” requesting the relief they originally prayed for. However, because they did not take an appeal, we can consider only the appeal of Mr. Zibilich and his insurer.
The theory of plaintiffs’ suit against defendants is that Mr. Zibilich was the bailee of the Taylor vehicle. This allegation is amply supported. The relationship of a customer who leaves his automobile with a garage for repair, and the operator of the garage, is that of depositor and depositary or bailor and bailee (terms which are used interchangeably in our jurisprudence). Neely v. Tamburello, La.App., 187 So.2d 526, 527; Mintz v. Audubon Insurance Company, La.App., 140 So.2d 809; Indiana Lumbermens Mutual Insurance Co. v. Humble Oil & Refining Co., La.App., 170 So.2d *435 264; Great American Indemnity Co. v. Ford, La.App., 122 So.2d 111. The relationship continues even when the bailee’s employee is returning the car to the owner. See Indiana Lumbermens Mutual Insurance Co. v. Humble Oil & Refining Co., supra.
It is also well established that where the bailor has proven injury, he thereby establishes a prima facie case against the bailee and casts upon the bailee the burden of proving the loss was not due to his negligence. Indiana Lumbermens Mutual Insurance Co. v. Humble Oil & Refining Co., supra; Great American Indemnity Co. v. Ford, supra; Neely v. Tamburello, supra.
Therefore we must determine whether or not defendants proved that the Zibilich employee, Mr. Stewart, was free of negligence. At the time of trial Mr. Stewart did not testify because he could not be located. The only witnesses to testify concerning the way the accident happened were the investigating officer Ronald Lauland, and Mr. Haik. It is undisputed that Mr. Stewart was proceeding toward Canal Street on Carondelet Street, the right-of-way street, and that Mr. Haik was proceeding toward the Mississippi River on General Pershing Street which is controlled by a “Stop” sign at Carondelet. Officer Lauland testified Mr. Haik told him that Mr. Stewart was speeding. However, from the physical evidence Officer Lauland concluded that this was not the case. The vehicle driven by Mr. Stewart left only 14 feet of skid marks which fact in itself, discounting the impact, indicated to the officer that Mr. Stewart was going approximately 12 miles per hour. From the nature of the impact he concluded that besides those 12 miles per hour, the vehicle was travelling an additional 8 to 10 miles per hour. (Carondelet Street, at the site of the accident, has a speed limit of 20 miles per hour.)
Mr. Haik testified that he stopped at the “Stop” sign but that his view was obstructed by a mail truck parked on Caron-delet Street near the corner by a fireplug; that he travelled 12 feet into the intersection when he heard the screeching of brakes and felt the impact; and that he did not see the vehicle driven by Stewart until the impact occurred. From this evidence we conclude that it was Mr. Haik’s negligence that was the sole proximate cause of the accident. The jurisprudence is to the effect that a motorist must not only stop at a “Stop” sign but is also required to ascertain whether or not it is safe to enter the intersection before doing so. Pitre v. Allstate Insurance Co., La.App., 160 So.2d 402; Mahaffey v. State Farm Mutual Automobile Insurance Co., La.App., 175 So.2d 905; Messana v. Allstate Insurance Co., La.App., 182 So.2d 93; Steiner v. Employers Liability Assurance Corp., La.App., 182 So.2d 345; Central Louisiana Electric Co. v. Hodges, La.App., 137 So.2d 132; Simmons v. Zeno, La.App., 168 So.2d 357.
Mr. Haik’s only excuse for entering the intersection when he did was that, because of the improperly-parked mail truck, he was at a blind corner. Rather than excuse, we think this condition increased the degree of care he should have observed. It is well settled that a driver entering a right-of-way street where the view is obstructed, is under the obligation of proceeding with extra ordinary caution. Dowden v. Houston Fire & Casualty Insurance Co., La.App., 81 So.2d 103; Hardy v. M. W. Salomon & Son, La.App., 78 So.2d 73; Mustin v. West, La.App., 46 So.2d 136; Mansfield v. Toye Bros. Yellow Cab Co., La.App., 78 So.2d 544. Moreover, Mr. Haik testified that when he was 12 feet into the intersection, well beyond the point where his view could have been obstructed, he still did not observe the oncoming vehicle on the right-of-way street, indicating he was not keeping a proper lookout.
With regard to any negligence on Mr. Stewart’s part there is no evidence in the record that he was speeding except Mr. *436 Haik’s statement to the investigating officer and it is noteworthy that Mr. Haik admitted he did not even see the approaching vehicle until the impact. Moreover, Mr. Stewart was not negligent in proceeding past a blind corner into an intersection at a reasonable speed because he was on the right-of-way street, the intersecting street being controlled by a “Stop” sign. Thus he had the right to assume that any driver approaching the less favored street would yield to him. Gauthreaux v. Hogan, La.App., 185 So.2d 44. See also Brown v. Checker Cab Co. of New Orleans, La.App., 119 So.2d 513; Buh-ler v. Villec, La.App., 117 So.2d 286, Doucette v. Primeaux, La.App., 180 So.2d 866.
As above stated, we find that the sole proximate cause of the accident was the negligence of Mr. Haik and find defendants carried the burden of proving that the Zibilich driver, Mr. Stewart, was free of negligence.
For the above reasons the judgment appealed from is reversed; plaintiffs to pay all costs in both courts.
Judgment reversed.