221 So.2d 354 (1969)
Arthur L. LABBE
v.
MT. BEACON INSURANCE COMPANY.
No. 3392.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1969.
*355 Bienvenu & Culver, Lloyd R. Walters, New Orleans, for plaintiff-appellant.
Schaefer & Cocke, Alexander C. Cocke, Jr., New Orleans, for defendant-appellee.
Before SAMUEL, BARNETTE and JOHNSON, JJ.
BARNETTE, Judge.
This is an appeal from a judgment denying plaintiff, Arthur L. Labbe, insurance coverage benefits under a contract of insurance with defendant, Mt. Beacon Insurance Company, for the loss sustained by theft of various parts of plaintiff's automobile while in the custody of an automobile dealer for the purpose of being repaired.
A stipulation of facts agreed to by the parties and entered into the trial record reads as follows:
"It is agreed and stipulated between all parties that on or about February 14, 1967, there was a theft of various parts of the plaintiff's automobile while it was in the custody of Delta Mercury. It was in for the purpose of being repaired. It is also stipulated between all parties that Mt. Beacon Insurance Company had in *356 effect at that time a policy of insurance covering Mr. Arthur L. Labbe, number 3246996. We admit that there was a true copy of the policy in effect at the time of the loss. It is agreed and stipulated between all parties that as a result of the theft, plaintiff suffered a loss of $561.00 which was the amount to replace the parts stolen from the automobile, and there was a $50.00 deductible clause in the policy. * * *"
Defendant admits that "coverage D" of the policy provides for theft coverage but contends that the loss in question is not covered because of "exclusion (g)" and "condition 7" of the policy. The policy provides in pertinent part:
"This policy does not apply:
* * * * * *
(g) under coverages A and D, to loss due to conversion, embezzlement or secretion by any person in lawful possession of the automobile under a bailment lease, conditional sale, purchase agreement, mortgage or other encumbrance * * *."
and condition 7 reads:
"No Benefit to Bailee: The insurance afforded by this policy shall not enure directly or indirectly to the benefit of any carrier or bailee liable for loss to the automobile." (Emphasis added.)
The applicability of this condition depends upon two conditions: (1) that Delta Mercury was a bailee (depositary), and (2) that it is liable for the loss.
It is the position of defendant that the contract between plaintiff and Delta Mercury was one of depositor-depositary under Louisiana law, equivalent to the bailor-bailee relationship at common law. This contention is based on the stipulated fact that the automobile "* * * was in the custody of Delta Mercury" at the time the parts were stolen. The jurisprudence is replete with decisions holding that a depositor-depositary relationship is established when one leaves his automobile with a garageman for the purpose of being stored or repaired. Neely v. Tamburello, 187 So. 2d 526 (La.App. 4th Cir. 1966); Great American Indemnity Company v. Ford, 122 So.2d 111 (La.App.2d Cir.1960); Johnson v. Supreme Truck & Trailer Service, 119 So.2d 660 (La.App.2d Cir.1960); Leigh v. Johnson-Evans Motors, 75 So.2d 710 (La. App.2d Cir. 1954). Defendant argues that because the theft occurred during this depositor-depositary relationship, Delta Mercury is liable to plaintiff for the damages suffered and hence the exclusion in condition 7 is applicable.
The defendant contends that Delta Mercury's liability results from the jurisprudential rule of this State that once property loss or damage has been established by a depositor, there is a presumption of negligence or fault on the part of the depositary which places upon him the burden of proof to exonerate himself from that presumption. Brown & Blackwood v. Ricou-Brewster Building Co., 239 La. 1037, 121 So.2d 70 (1960); Bond v. Helmer, 215 So. 2d 355 (La.App. 4th Cir.1968) Neely v. Tamburello, supra; Great American Indemnity Company v. Ford, supra; LSA-C.C. arts. 2937, 2938. This burden of exoneration, defendant argues, has not been discharged and hence there remains the prima facie presumption of Delta Mercury's liability. A plea of exclusion from policy coverage is an affirmative defense which normally casts upon the pleader the burden of proof. Defendant contends that it is relieved of that burden by the prima facie presumption of liability of Delta Mercury, which shifts the burden of proving nonliability to the plaintiff.
We have considered whether the defendant should have brought Delta Mercury into the suit through a third party petition or have forced plaintiff to amend to join Delta as a party to the action through an exception of nonjoinder and whether its failure to do so has placed plaintiff in the position of having to carry the burden of proof which would have been upon the depositary *357 if it had been made a party defendant.
This is an either-or situation; there is no possibility of a solidary liability calling for contribution or indemnity. If the defendant is liable, it is so because Delta Mercury is not liable, in which event a third party action would have been without cause. If Delta Mercury is liable there can be no judgment against the defendant insurer and hence no need for its third party action. Had defendant made Delta Mercury its third party defendant it would have served no purpose whatever, unless the plaintiff had also joined Delta Mercury as a party defendant. It would have served the plaintiff's interest to join Delta Mercury as a party defendant and pray for judgment in the alternative. Having not done so, defendant contends that plaintiff assumed the burden of proof to overcome the prima facie presumption of Delta Mercury's liability by presenting evidence to the effect that Delta Mercury met the measure of care required by LSA-C.C. arts. 2937 and 2938a burden plaintiff would have cast upon Delta Mercury by making it a defendant in the action. Delta Mercury was a necessary but not an indispensable party to the action because plaintiff was not precluded by the nonjoinder of Delta from establishing Delta's nonliability. LSA-C.C.P. arts. 641, 642. On the other hand, neither was defendant precluded from proof of the depositary's liability. Defendant was not prejudiced in its defense of the suit by the nonjoinder of Delta Mercury.
It is conceded by both parties, according to the "narrative of facts" filed in the record (in addition to the above-quoted stipulation), that the theft was committed by "* * * parties unknown [who] broke into the Delta Mercury repair shop * * *." If exclusion (g) might otherwise have applied it was rendered inapplicable when those in "lawful possession of the automobile" were relieved from implication of theft or conversion by the stipulation that the theft was by unknown parties.
In the absence of other proof, however, this stipulation does not discharge the high duty of care imposed upon the depositary by LSA-C.C. arts. 2937 and 2938 to preserve the thing deposited in such a manner as reasonably to preclude the possibility of theft.
The jurisprudence is so clearly established as to require no citation of authority that the contract of insurance is the law between the parties and must, if possible, be construed in such manner that effect can be given to every condition and provision of the contract. This construction shall be in a light more favorable to the insured, and ambiguities and provisions of doubtful meaning shall be resolved accordingly. Where there is no doubt or ambiguity the provision must be strictly enforced.
The exclusion clause, referred to as condition 7, is clear and free of ambiguity and means, as we have pointed out above, that coverage is excluded when the bailee is liable for the loss. We construe this to mean more than probably liable or presumptively liable. Under the factual situation here probable liability appears remote at best. There were ample procedural means available to the affirmative pleader of liability to establish the fact, if true, by available evidence. We see no reason to relieve the defendant of the burden of proof which it assumed by relying on an affirmative defense. It has not met this burden. In fact, it offered no evidence of the bailee's liability but has relied entirely upon its insured's failure to prove the bailee's nonliability.
If this were a suit between the depositor (plaintiff) and the depositary (Delta Mercury) for the loss in question on the same evidence which we have before us in this record, we would be obligated to hold that the depositary had not overcome the presumption of law by proving that it had exercised *358 the standard of care imposed by LSA-C.C. art. 2937. It is not enough as between the depositor and depositary for the depositary simply to say the thing was stolen by parties unknown. Its negligence or failure of proper care might have exposed unduly the thing to the danger of thefta possibility which it would be required to negate. This would be a proper judgment under the evidentiary rules peculiar to actions on the contract of deposit as between the depositor (or his subrogee) and the depositary. This is not such an action. This is a suit on a contract of insurance and is governed by evidentiary rules which favor the insured in litigation with his insurer on the contract of insurance. A conflict results where a party to the action is both the depositor and the insured if, as depositor, he must carry his depositary's burden of proof.
We have been unable to find any case in which the precise question here presented has been decided. It is our conclusion that the presumption of law in favor of the depositor, applicable to a suit between him and his depositary, cannot be used by the depositor's insurer as a device to relieve the insurer of its clear burden of proof of its affirmative defense and thus make the presumption of liability which favors the depositor in suits on the contract of deposit apply against the depositor in a suit on his contract of insurance.
The conclusion we have reached leaves the defendant with its right of subrogation just as though the policy did not contain an exclusion clause. If then it should pursue its right of action as subrogee against Delta Mercury successfully it will be reimbursed for the loss paid. If it fails to prove liability against Delta Mercury, the judgment we have rendered herein will have been clearly justified. In either event substantial justice will have been achieved, which, after all, is the prime objective. LSA-C.C.P. art. 2164.
The plaintiff has pointed to the historical origin and evolution of the "no benefit to carrier (or bailee)" concept, which grew out of the experience of carriers of goods in commerce, and argues that it is not applicable to the facts in this case. Our conclusion herein makes a discussion of this contention unnecessary.
The plaintiff seeks recovery of the statutory penalty and reasonable attorney's fees because of the defendant's arbitrary, capricious and unreasonable refusal to pay its claim within the terms and conditions of the contract of insurance. We must hold that the defendant was not arbitrary, capricious or unreasonable in its refusal to pay the plaintiff's claim and must reject the plaintiff's petition in this respect. The legal presumption of liability against the depositary presented a serious question of law as to whether condition 7 operated as an exclusion of coverage. It was not unreasonable for the defendant to resist payment until that question could be resolved by the court. Furthermore, the fact that the trial court rendered judgment in defendant's favor is a clear indication that the refusal to pay was not unreasonable, capricious or arbitrary.
For the foregoing reasons, the judgment in favor of Mt. Beacon Insurance Company dismissing plaintiff's suit at his cost is now reversed, and judgment is rendered in favor of Arthur L. Labbe against Mt. Beacon Insurance Company in the sum of $511.45 with legal interest thereon from date of judicial demand. The plaintiff's demand for penalty and attorney's fees is rejected.
The defendant-appellee is cast for all costs in both courts.
Reversed and judgment rendered.