AYRES, Judge.
Plaintiffs, Emmitt C. Elliott, owner and operator of a 1967 Oldsmobile Cutlass Supreme, and State Farm Mutual Automobile Insurance Company, Elliott’s collision insurer, brought this suit for damages arising out of an automobile accident which occurred in Winn Parish on February 17, 1968. Made defendants were Standard Chevrolet Company, Inc., the dealer from whom plaintiff purchased his automobile, and General Motors Company, manufacturer of the autombile. From a judgment in favor of the defendants plaintiffs appealed.
Plaintiff purchased his automobile from Standard Chevrolet Company, Inc., of Minden, Louisiana, on November 4, 1966. He testified that after he purchased this car he had trouble with the brakes “grabbing”; that he took the car to other deal *908 ers but had no substantiating evidence or repair bills to prove repairs at other garages. The only time he took the vehicle back to the defendant dealer was on February 4, 1967 when they worked on the brakes and made other minor adjustments.
Plaintiff’s father-in-law, Dennis Weeks, testified that he took the car back to the dealer on December 6, 1966 with a list of complaints made up by plaintiff’s wife. He did not tell the dealer that the brakes would “grab”, although the man with whom he dealt was his brother-in-law, Thurston Colvin, who at that time worked for Standard Chevrolet, and the dealer had no record of the car being returned on this date.
On February 17, 1967, the date of the accident, the automobile was only three months old and had been driven over 7,000 miles. Plaintiff left a friend’s home in Winn Parish and accelerated to a speed of SO to 60 miles per hour. He saw a hog on the side of the road and softly applied his brakes. Plaintiff contends that his brakes locked causing him to leave the road and collide with a nearby tree resulting in the total destruction of his automobile and personal injuries to himself.
Trooper Marlin M. Conner of the Louisiana State Police, who investigated the accident, stated that the car made straight skid marks, without any sign of swaying from side to side, for a distance of 63 feet before hitting the tree. He testified that the road was wet following a rain earlier in the day. The trooper said the road had an asphalt surface commonly known as a “blacktop” surface, and a car traveling at this speed on a wet highway of this type would slide easily if brakes were applied.
It is the position of plaintiff that the wreck was caused by defective installation and operation of the master cylinder of the hydraulic braking system. Both plaintiff and defendants offered in evidence “mock-ups” of a hydraulic braking system such as is used on the 1967 Oldsmobile Cutlass Supreme. Plaintiff contends that the jam nut was not screwed tight against the clevis allowing the push rod to become loose and inject itself too far into the bottom of the master cylinder thus blocking the outlet port for the return of the hydraulic fluid. He alleged that if such a condition existed pressure would remain fixed and the brakes on all four wheels would be locked. Such was the opinion of James Ivy who operates a radiator and body repair shop in Winnfield. Ivy has worked as an automobile mechanic since 1953 and has been in business for himself for the past eight years. He had practical experience but no specialized schooling.
To rebut the testimony of Ivy with respect to negligence on their part, defendants offered the following witnesses:
1. Hershel Kidd — service manager for Standard Chevrolet with 25 years experience as an automobile and machinery mechanic. He personally tested the car in February, 1967, including the brakes.
2. Charles A. Crain — automobile mechanic since 1936, employed by Downtown Garage in Shreveport.
3. W. A. Stewart — Standard Chevrolet mechanic with over thirty years experience.
4. Carl E. Thelen — General Motors Corporation. Employed by the Oldsmobile Division since 1951, now Senior Project Engineer for Oldsmobile Division of General Motors. Degree in mechanical engineering and graduate of General Motors Institute, a four year engineering school.
All of the above witnesses were of the opinion that the condition of the jam nut could not cause the accident in the manner claimed by the plaintiff.
Plaintiff contends that the doctrine of res ipsa loquitur is applicable to this case and as General Motors was the manufac *909 turer of a defective product he need only show the occurrence of the accident and the burden shifts to the defendants to exculpate themselves from fault.
The trial court judge, in a well written opinion containing his reasons for judgment, refused to apply the doctrine of res ipsa loquitur holding that plaintiffs had failed to carry the burden of proof placed upon them to prove the defendants were negligent by a preponderance of the evidence. We think the trial judge was correct and hereby adopt the portion of his opinion quoted below as our own, to-wit:
“In the recent case of Brannon vs. Babin, Court of Appeal, Third Circuit, 221 So. Reporter 2d Series 336, Judge Frugé made the following statement on the law governing the application of this doctrine.
‘The doctrine of res ipsa loquitur is a rule of evidence peculiar to the law of negligence and is an exception to the general rule that negligence must be affirmatively proved. The phrase “res ipsa loquitur” literally means “the thing speaks for itself”. Thus when an accident occurs causing injury, and it is shown that the instrumentality which caused the accident was under the control of the defendant and that the accident was such as would not have occurred in the ordinary course of things, if the one having control had used proper care the injury is presumed to have been caused by defendant’s negligence and the burden of proof is on the defendant to exculpate himself from fault. Great American Indemnity Company v. Ford, 122 So.2d 111 (La.App.2d Cir., 1960.)

‘As this writer noted in the case of LeJeune v. Collard, 44 So.2d 504 (La.App. 1st Cir., 1950), the applicability of the doctrine is clearly prohibited where the accident might have occurred through the negligence of the plaintiff as easily as through that of defendant.’ ”
“The testimony of Trooper Con-nor quoted hereinabove to the effect that this was a blacktop road, that it was wet and slick and that under such circumstances an automobile would slide or skid when the brakes were applied indicates clearly to the Court that this accident could have happened in such a manner. Plaintiff states that he saw a hog and if the hog attempted to enter the highway and the plaintiff applied his brakes, he could have himself brought on the skid and subsequent collision with the tree. Under the law cited hereinabove the doctrine of res ipsa loquitur is prohibited where the accident might have occurred through the negligence of the plaintiff as easily as through that of defendant. Therefore the Court finds that this doctrine cannot be applied to this case.
“Plaintiff purchased this automobile on November 4, 1966, and had a wreck more than 3 months later. At that time the car had approximately 8,000 miles on it. During this period of time the only positive testimony of any complaint to defendants was the return of the automobile to Standard Chevrolet on February 4, 1967, and both the testimony of Kidd as well as the written work order indicates that the only complaint made by plaintiff on that occasion was that the right rear brake was grabbing. This complaint was adequately checked and the brakes were working perfectly when the car left the shop on that date.
“To prove that the manufacturer is guilty of marketing a defective product and that Standard Chevrolet was negligent in its maintenance of the vehicle, plaintiff has offered only the testimony of James Ivy. The Court believes that Ivy did the best that he could but with his limited experience and education the Court is not able to accept his testimony in view of the preponderance of testimony to the contrary by experts of much greater experience and training. The burden of proof is upon the plaintiff to prove that the defendants were negligent by a preponderance of the evi *910 dence. Not only has the plaintiff failed to do this but the preponderance of the evidence through the testimony of Carl E. Thelen, a graduate mechanical engineer with more than 20 years experience, W. A. Stewart, an automobile mechanic with 30 to 35 years experience, Hershel Kidd, an automobile mechanic with more than 25 years experience, proves to this Court that there was no defect in the braking mechanism nor was the defendant, Standard Chevrolet Company, negligent in checking the car on February 4, 1967.
“The plaintiff has failed to carry the burden of proof and judgment will be rendered in favor of the defendants rejecting the demands of plaintiffs with costs.”
For the reasons assigned, the judgment appealed is affirmed. All costs are taxed against plaintiffs-appellants.
Affirmed.