HEARD, Judge
(dissenting):
I respectfully dissent from the majority opinion.
The provisions of the policy involved clearly state:
“Part Two
“If ‘Such Injury’ as is described in the Insuring Clause, independently of all other causes shall as a direct result thereof necessarily continuously confine the Insured within a hospital while requiring regular treatment within the hospital by a legally qualified Medical or Osteopathic physician or surgeon, then the Company will pay benefits to the Named Insured, * * *”
*473 It is a well settled rule in Louisiana that the contract of insurance is the law between the parties and must be interpreted to give effect to every provision of the contract. When the clause is clear and unambiguous a strict construction must be given. In the case of Labbe v. Mt. Beacon Insurance Company, La.App., 221 So.2d 354 (4th Cir. 1969) the court said:
“The jurisprudence is so clearly established as to require no citation of authority that the contract of insurance is the law between the parties and must, if possible, be construed in such manner that effect can be given to every condition and provision of the contract. This construction shall be in á light more favorable to the insured, and ambiguities and provisions of doubtful meaning shall be resolved accordingly. Where there is no doubt or ambiguity the provision must be strictly enforced.” [221 So.2d 354, 357]
In my opinion appellant was continuously confined within the terms of the policy from May 5, 1966 until May 10, 1966, at which time his confinement terminated and he is only entitled to recover for this period.