170 So.2d 264 (1964)
INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,
v.
HUMBLE OIL & REFINING COMPANY, Defendant-Appellant.
No. 10299.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1964.
Rehearing Denied January 7, 1965.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for appellant.
Bodenheimer, Looney & Jones, Shreveport, for appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiff, as subrogee of its insured Glenn Bell, sues defendant to recover $696.42, representing the amount paid Bell by plaintiff as a result of damage to his 1957 Chevrolet automobile allegedly caused by the negligence *265 of defendant's agent while driving the said car.
Bell had delivered his car to a service station operated by defendant company and while defendant's employee was returning the vehicle to its owner he drove the car into a bridge causing the loss for which this suit was instituted. From judgment in plaintiff's favor defendant appeals. There is no dispute as to the amount of the damage.
Plaintiff contends the accident was caused entirely by the negligence of Billy Joe Dowdy, the service station employee, who, while driving Bell's automobile north on a narrow two-way bridge in the city of Shreveport, lost control of the vehicle which struck the side of the bridge causing the resultant damage.
Defendant contends that Dowdy was faced with a sudden emergency not of his own making; that an oncoming vehicle was encroaching upon his lane of travel and driving at an excessive rate of speed; and that any lack of cool judgment on his part was excusable because of the emergency created by the oncoming motorist.
Since Mr. Bell deposited his automobile with defendant company in order to have it serviced, Louisiana Civil Code Articles setting forth the obligations of the depositary are relevant. LSA-C.C. Art. 1908, Arts. 2937 and 2938 generally provide that the duty of the depositary or bailee is to use the same diligence in preserving the property entrusted to him that he would use in preserving his own property. When the bailor has shown that the property entrusted to the bailee was damaged and that such damages are inconsistent with the exercise of due care required of the depositary, the burden of proof then shifts to the bailee to show that the loss did not occur through his fault or negligence. It is only by establishing his lack of fault that the bailee can exonerate himself from liability for damage to the property. Kern v. Bumpas (La.App. 2 Cir., 1958) 102 So.2d 263; Brown & Blackwood v. Ricou-Brewster Building Company, Inc., 239 La. 1037, 121 So.2d 70 (1960) and numerous cases therein cited.
The plaintiff herein having proved the deposit of the automobile and the damage done to it while in the possession of the depositary, it has established a prima facie case. The crucial question remaining is whether defendant has exonerated itself from this liability.
Counsel for defendant has filed an excellent and exhaustive brief before this court in which he delineates in detail the sudden emergency doctrine as it has been applied in Louisiana. It is urged that the law does not expect one to exercise the same degree of judgment in an emergency as in a situation where he is not subject to fear of sudden disaster; that the law recognizes the fact that a prudent man, when brought face to face with an unexpected danger, may fail to use the best judgment; that he may omit some precaution he might have taken; or may not choose the best available method of meeting the danger of the situation. This doctrine has been so well established in our jurisprudence no citation of authority is necessary to substantiate it.
The crux of this case, however, is whether the defendant has borne the burden of proving the existence of such a sudden emergency in order to exonerate itself from liability under the established jurisprudence of this state. The only person who testified explicitly and definitely as to any emergency was the employee of the service station. By way of deposition, he stated he saw an oncoming vehicle traveling at a terrific rate of speed encroaching upon his lane of travel; that in order to avoid a head-on collision he ran Bell's vehicle into the side of the bridge causing the damage. There was no actual impact with the other vehicle, nor was he able to identify it. The deputy sheriff who investigated the accident was unable to find any skid marks which might have corroborated the version of an oncoming vehicle. There were neighborhood witnesses who testified, but their testimony is *266 either irrelevant or not convincing. They did not see the accident.
From our review of the record we conclude defendant has failed to prove its driver faced a sudden emergency and consequently has failed to exonerate itself from its liability as a depositary of the automobile which was damaged while in its care.
It is stipulated the lower court was in error in failing to provide for legal interest in its formal judgment. Accordingly, the judgment appealed from is amended so as to award plaintiff legal interest from judicial demand until paid, and as amended the judgment is affirmed at appellant's costs.
Amended and affirmed.