DIXON, Judge.
Plaintiff purchased a 13-room frame house in Jonesboro and contracted with defendant to move the house to Goldonna. This damage suit by the owner against the house-mover came after a severe rain occurred during the process of moving the house. Plaintiff claims to have suffered substantial damage to his house from the water.
The contract was an oral agreement. The trial court rejected the demands of the plaintiff.
In brief before this court, plaintiff relies on the provisions of Article 2937 of the Louisiana Civil Code, and contends that the trial court failed to recognize that the burden of proof shifted to the defendant to show that he used the diligence required of a depositary. The plaintiff also contends : the defendant was guilty of negligence in allowing the material which covered the house in transit to be torn from the building by overhanging limbs; the defendant “delayed improperly to restore the deposit” under Article 2939 of the Civil Code, and is therefore responsible for damage occasioned during the delay.
We agree with the trial court that the evidence does not support the plaintiff’s contention that the defendant was negligent in transporting the house too close to trees. Nor is there evidence in the record that *359 supports the plaintiff’s contention that the defendant “delayed improperly” the transportation of the building to its destination.
When plaintiff purchased his building, he approached the defendant, who had been in the house moving business for many years, to arrange for its transportation. There is hardly any dispute about the terms of the oral agreement entered into between plaintiff and defendant. Plaintiff was to prepare the house for moving. The defendant was to move the house and set it on pier foundations at its destination. Plaintiff was to cut the house in two and remove the roof so that, when loaded, it would not exceed the maximum width and height for transportation upon the highway. Plaintiff was then to cover the house to protect it from rain. There was no specific agreement between the plaintiff and the defendant as to the risk of loss in transit.
Plaintiff consulted with defendant concerning the method of protecting the house from water. The trial judge found, and we agree, that the plaintiff largely ignored the recommendations of the defendant with respect to application of tarpaulins and plastic.
Some water damage to the house occurred while plaintiff himself was preparing the building for moving. This he admits. Plaintiff complains that the house was not moved promptly after the agreement, and that the tremendous rain would have been avoided if the house had been moved earlier. The evidence was that the defendant applied for the necessary permit to move the dwelling in ample time; there was a delay in the issuance of the permit, not attributable to the fault of the defendant. As soon as the defendant obtained the permit, he commenced the move.
Toward the end of the move, there was an unusually hard rain shower, accompanied by high winds. The evidence showed that the plastic material used to cover the building sagged and held water in great quantities, until it burst upon the ceilings of the building, dislodging the ceilings from the weight of the water caught by the plastic. Other house movers testified that the advice defendant had given plaintiff about the method of protecting against rain was correct and efficient. Defendant and his crew, upon the occurrence of the deluge, were required to leave the highway; they spent considerable time and effort in attempting to protect the house from further damage from the water. Except that defendant did not re-cover the house with some available plastic material, there is no evidence in the record of defendant’s negligence or want of care.
The plaintiff contends that, since he was inexperienced in moving houses, and the defendant was experienced, that the defendant — if, in fact, he recognized that the plaintiff had not adequately covered his building — should have refused to move the house. There might be force to the plaintiff’s argument if the evidence indicated that plaintiff relied upon the superior skill and experience of the defendant to any degree whatsoever. The evidence is otherwise. The defendant’s advice concerning the protection of the building was substantially ignored by the plaintiff. Plaintiff’s anxiety to move the building as soon as possible was apparent from the record. The transaction as a whole plainly indicates that the plaintiff chose to ignore the possibility that his building might be severely damaged in a thunderstorm such as the one encountered and tacitly assumed that risk.
Plaintiff relies on the provisions of Articles 2937 and 2938 of the Civil Code. They are as follows:
“Art. 2937. The depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property.”
“Art. 2938. The provision in the preceding article is to be (more) rigorously enforced:
“1. Where the deposit has been made by the request of the depositary.
*360 “2. If it has been agreed that he shall have a reward for preserving the deposit.
“3. If the deposit was made solely for his advantage.
“4. If it has been expressly agreed that the depositary should be answerable for all neglects.”
It is true, as plaintiff contends, that, in Interpreting the articles above, courts have made the statement that where the existence of the deposit has been established and the damage proved, a prima facie case is made against the depositary, to whom the burden •of proof shifts to establish his freedom from fault. Brown & Blackwood v. Ricou-Brewster Building Co. (1960), 239 La. 1037, 121 So.2d 70.
An important qualification which tends to soften the liability of the depositary is often omitted from the statement of general principles which govern the obligations of a depositary. A depositary is not an insurer. The provisions of the Civil Code make this clear. Article 2939, for example, excuses the depositary for damage which occurs as a result of force majeure. The trial judge in his written opinion in the instant case referred to the provisions of C.C. art. 2939 and concluded that there had been an intervention of the hand of God, or force majeure. He noted that the witnesses characterized the sudden thunderstorm as a regular “toad strangler.” Although the vagaries of the elements may be attributed to the Almighty, such a summer thunderstorm should not be wholly unexpected in this state; foreseeability is a necessary element in the definition of the codal equivalent to force majeure.
“ * * * Superior force. Those accidents are said to be caused by superior force, which human prudence can neither foresee nor prevent.”
C.C. 3556(14).
Rain was expected by the parties involved in this transaction; adequate provisions were not made for the severity of the thunder shower actually experienced.
The obligations of a depositary have been analogized to situations in which the doctrine of res ipsa loquitur is applicable. Jeter v. Lachle (La.App.1958), 106 So.2d 808.
An important requirement which must be met by the plaintiff-owner before the burden of proof shifts to the defendant-bailee was noted in Indiana Lumbermens Mutual Insurance Company v. Humble Oil & Refining Company (La.App.1964), 170 So.2d 264, 265:
“When the bailor has shown that the property entrusted to the bailee was damaged and that such damages are inconsistent with the exercise of due care required of the depositary, the burden of proof then shifts to the bailee to show that the loss did not occur through his fault or neglect.”
It is not to be forgotten that the Civil Code itself, after requiring of the depositary the exercise of a high degree of care, notes that:
“The depositary is only bound to restore the thing in the state in which it is at the moment of restitution. De-teriorations, not effected by any act of his, are to the loss of the depositor.”
C.C. Art. 2945.
In the case before us, it must be remembered that the plaintiff himself agreed to prepare his house for transportation, and specifically agreed to cover it. His damages are not inconsistent with the exercise of due care, required of the defendant.
Even if it be considered that the burden of proof did shift to the defendant depositary, an examination of the record discloses that the defendant exercised appropriate care under the circumstances.
In Neely v. Tamburello (La.App.1966), 187 So.2d 526, relied on by plaintiff herein, *361 there was no evidence to explain the circumstances under which the deposit had been stolen. In the absence of such evidence explaining the loss, the depositary was held liable. Baker v. Employers’ Fire Insurance Co. (La.App.1967), 201 So.2d 349, is likewise inapplicable; the court there found negligence on the part of the bailee.
We agree with the trial judge in the instant case, and find that the defendant was not negligent.
The judgment appealed from is affirmed at appellant’s cost.