417 So.2d 375 (1982)
Wendell H. GAUTHIER
v.
ALLRIGHT NEW ORLEANS, INC. d/b/a Allright Auto Parks.
No. 12836.
Court of Appeal of Louisiana, Fourth Circuit.
April 7, 1982.
Rehearing Denied August 19, 1982.
Patrick J. McCabe, Gauthier, Murphy, McCabe & Breslin, Kenner, for plaintiff-appellee.
C. Monk Simons, III, New Orleans, for defendant-appellant.
Before SCHOTT, KLEES and WARD, JJ.
SCHOTT, Judge.
This is a claim by plaintiff, Wendell H. Gauthier, for the value of tires, wheels and hub caps stolen from his automobile while it was on defendant's lot. This was an unattended self-park lot where the customer would park his automobile in a space and deposit 50 cents in a meter, which provided him with a receipt. The issue is whether the parking lot operator is liable to its customer under these circumstances. From a judgment in favor of plaintiff defendant has appealed.
The case was tried on stipulated facts. Plaintiff left his car on defendant's lot at about 7:30 PM on March 7, 1978. The receipt produced by the meter after plaintiff deposited his money contained the following:

"NOTICE

THIS CONTRACT LIMITS OUR

LIABILITYREAD IT
WE RENT SPACE ONLY. NO bailment is created and we are not responsible for *376 loss of, or damage to, car or contents. This ticket is sold subject to space being available and is not transferable."
When plaintiff returned to the lot some two and a half hours later, his tires, wheels and hub caps were missing from his car.
The trial court concluded that the legal relationship between the parties was that of a deposit governed by LSA C.C. Art. 2926 et seq. Once this relationship is established the depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property, C.C. Art. 2937, and if there is loss of or damage to the property deposited a presumption is raised that the loss resulted from lack of due care on the part of the depositary and the burden is on the depositary to exonerate itself from fault. Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La. 1973).
However, defendant contends that the trial judge erred in failing to apply this court's reasoning in St. Paul Fire & Marine Ins. Co. v. Zurich Ins. Co., 250 So.2d 451 (La.App. 4th Cir. 1971). There the court acknowledged the general rule that parking lots are treated as compensated depositaries against whom negligence need not be proved in case of vehicle loss or theft but recognized the following exception:
"This rule is rigidly enforced. It is, however, subject to a limited exception, recognized both at common law and in Louisiana, in favor of certain lots whose operations are restricted and structured so as to make it clear that the patron-motorist merely leases parking space rather than making a deposit of his car."
Thus, defendant would have us conclude that the relationship between plaintiff and defendant was a mere lease of space and that the rules of deposit do not apply. Defendant argues that the notice on the receipt was specifically designed to produce this result.
The St. Paul case is not controlling because its lease of space approach was specifically disapproved by the Supreme Court in the Coe case in footnote 2 on page 738. Furthermore, even if defendant could, as a matter of law, limit its liability by contract with its customer so that the relationship would be merely a lease of space and not a deposit, no such contract was confected under the facts of this case. When plaintiff received his receipt he had already parked his automobile and deposited his money. The contract of deposit was complete. This is so whether there was an express consent to the deposit consisting of the continuing offer by the defendant to receive a deposit of automobiles and plaintiff's acceptance of that offer by parking his car and depositing his money in the meter or a consent by defendant implied under the circumstances. C.C. Art. 2933. There is no evidence in this case that defendant had any sign on display in its lot which purported to limit its liability or change its legal position from depositary to merely a lessor of space (known to the customer) before he parked his automobile and paid his money.
Finally, defendant contends that the circumstances of this case require us to limit plaintiff's recovery under some theory of assumption of risk on his part in view of the fact that he paid so little to park his automobile compared to what he would have paid in an attended parking lot and considering that he knew the lot was unattended when he selected defendant's lot. One answer to this argument is the fact that the sign in the lot prominently required the customer to buy a ticket from the machine and place it on the dash-board of the automobile face up, and warned against free parking anytime. The parking receipt repeated the warning to place the ticket face up on the dash-board of the automobile. Surely this implied that defendant would police its lot to be certain that all customers purchased tickets. In effect, the lot would not be unattended.
In any event, we are persuaded in part by the following reasoning of a New York Court in Garlock v. Multiple Parking Services, 103 Misc.2d 943, 427 N.Y.S.2d 670 (1980) in which the court discussed some *377 previous New York cases which were favorable to parking operators based on the low parking rates they were charging:
"What the developing line of precedent has created, is the absurd situation where, the less an operator spends, the less likely he will be found liable for damages or loss of a vehicle. Thus, even though he may be charging (in the Buffalo-Erie County metro area today) up to three dollars per day, per car, for long term parking, or 50 cents per hour, per car (with an average of ten cars per space, per day) in a short term lot, we are not holding him responsible for the care of the property left with him. Therefore, he saves money by putting in a `ticket spitter' instead of an attendant; or posts disclaimer notices which some courts have found significant as evidence of a supposed implied contractual understanding; or by not fencing his lot; or by not providing adequate lighting; or by not providing a guard for security; or by any combination of these factors. The net result is that he saves further sums because he is not found liable for damages or loss to vehicles....."
We have concluded that a deposit was entered into between plaintiff and defendant. Under our law defendant had the burden to prove that it used the same diligence that it uses in preserving its own property and it failed to carry its burden of proof. Accordingly, the judgment is affirmed.
AFFIRMED.