487 So.2d 631 (1986)
SOVEREIGN MARINE AND GENERAL INSURANCE COMPANY, et al.
v.
APCOA PARKING SERVICES, INC.
No. CA-4650.
Court of Appeal of Louisiana, Fourth Circuit.
April 11, 1986.
*632 James E. Hritz, Edward N. George, III, Stassi & Rausch, New Orleans, for Sovereign Marine and General Insurance Company and Ludmil Maslarski, plaintiffs-appellants.
Harry D. Hoskins, III, New Orleans, for APCOA Parking Services, Inc., defendantappellee.
Before REDMANN, C.J., and WILLIAMS and ARMSTRONG, JJ.
WILLIAMS, Judge.
On September 25, 1983, Ludmil Maslarski parked his vehicle, a 1967 Mercedes Benz 250 SL (considered to be a collector's item), at Moisant International Airport in the "short-term" parking lot operated by the defendant, APCOA Parking Services, Incorporated ("APCOA"). Upon Maslarski's return on September 29, 1983, he discovered that his vehicle had been stolen. Maslarski's insurer, Sovereign Marine and General Insurance Company ("Sovereign") honored the claim and instituted this action as subrogee against APCOA in the sum of $19,500.00.
The parking arrangement herein involved was the subject of an earlier decision by this court in St. Paul Fire and Marine Insurance Company v. Zurich Insurance Company, 250 So.2d 451 (La.App. 4th Cir. 1971); an inconsequential difference being that St. Paul involved the "long-term" parking lot. Maslarski's entry to the lot was controlled by an automatic device, commonly known as a "ticket spitter", which dispensed a parking ticket and a barrier lifted once the ticket was taken. The driver parks his vehicle, retains the keys, has free access to his car once in the lot and has unrestricted movement while on the lot. APCOA parking attendants are only present at the parking lot exit area. Their sole function is to tabulate sums due for parking and control exit once payment is made.
After a hearing on the merits, the trial court dismissed Sovereign's claim finding that the relationship between Maslarski and APCOA was one of lease, not a compensated depositary as argued by Sovereign, and that liability could not be imposed because Sovereign failed to establish negligence. Central to the trial court's decision was a sign posted by APCOA at the lot's entrance informing patrons that the lot owner was merely leasing space and the *633 patrons assumed the risk of any loss, which read as follows:

ATTENTION

WE PROVIDE PARKING SPACE FOR YOUR VEHICLE ONLY
WE ARE NOT RESPONSIBLE FOR DAMAGE TO, OR LOSS OF, THE VEHICLE, ITS CONTENTS, OR ACCESSORIES FROM ANY CAUSE WHATSOEVER. NO EMPLOYEE MAY CHANGE THIS POLICY IF YOU DO NOT AGREE TO THESE CONDITIONS, YOU MAY IMMEDIATELY EXIT THIS FACILITY AT NO CHARGE.
 APCOA, INC
At issue is the legal relationship between the parties, namely, whether the relationship was one of lease or deposit. If the relationship is one of deposit, the depositary is bound to use the same diligence in preserving the deposit that he uses in preserving his own property. La.C.C. art. 2937; Neely v. Tamburello, 187 So.2d 526 (La.App. 4th Cir.1966). Once established that there has been a loss or damage to the property deposited, a presumption is raised that the loss resulted from a lack of due care on the part of the depositary and the burden is on the depositary to exonerate itself from fault. Coe Oil Service, Inc. v. Hair, 283 So.2d 734 (La.1973); Gauthier v. Allright New Orleans, Inc., 417 So.2d 375 (La.App. 4th Cir.1982). If the relationship is one of lease, then the burden is on the plaintiff to establish that the lot owner did not maintain suitable facilities, or that the operation was conducted in a negligent manner. St. Paul Fire and Marine Insurance Company v. Zurich Insurance Company, supra.
The mutual intent of the parties, expressed or implied, controls in determining whether a relationship of deposit has been created, and the degree of custody or control the lot owner has over the deposit is not an essential element; it is merely one of the indicia to determine mutual intent. La.C.C. arts. 2932, 2933; Coe Oil Service, Inc. v. Hair, supra.
The latest decision on defining the relationship between a patron and the lot owner is Gauthier v. Allright New Orleans, Inc., supra. In Gauthier, this court held that a disclaimer on a parking ticket brought to the patron's attention after he had parked his vehicle and deposited his money was inadequate to convey the lot owner's intent that he was merely a lessor of space. The significant fact found lacking in Gauthier was the absence of a sign communicating to the patron that it was a lease of space and the patron assumed the risk of any loss. The court suggested that the posting of a sign by the lot owner giving notice to the patron prior to when he parked his vehicle and paid his deposit would be sufficient to change the lot owner's position from that of a depositary to a lessor of space.
In response to the Gauthier decision, the legislature passed a "safe-harbor" provision for the benefit of municipalities and privately owned unattended parking lot operators, R.S. 9:2783, which provides:
Not withstanding any provision of law to the contrary, the leaving or parking of a vehicle by any person at a parking meter operated by any municipality or other political subdivision or at any privately owned unattended parking lot, when such parking lot has signs prominently displayed informing customers that the lot is unattended and when the owner retains the keys, shall not give rise to a contract of deposit but only to one of hiring or letting out space, and neither the political subdivision nor the parking lot owner shall thereby incur the obligations or the responsibilities of a depositary for losses as a result of theft, vandalism, or property damage.
Thus, the essential issues presented are as follows: (1) Is the APCOA short-term parking lot unattended; (2) if so, does the sign posted by APCOA at its short-term parking lot entrance conform to the requirements set forth in R.S. 9:2783, allowing APCOA to claim a "safe-harbor" exclusion; (3) if not is R.S. 9:2783 the sole exclusion or can the lot owner change his relationship *634 to one of lease by communicating his intent to the patrons by posting a sign as suggested in Gauthier; and (4) if so, is the sign adequate notice?
To the first question, we find the parking arrangement at Moisant to be an unattended parking lot. R.S. 9:2783 does not provide a definition of what is unattended. Although the approach used in St. Paul determining the relationship between the parties has since been repudiated, we find the factors enunciated in that decision viable in reaching our result. In St. Paul this court determined that the parking lot was a "self-service parking arrangement." 250 So.2d at 453. Factors considered were that the patron had complete dominion over his vehicle, retained his keys, had unrestricted movement while on the lot and had free access to his vehicle once parked. For the limited purpose of reaching this definition, we find the sum of these factors to weigh in favor of a finding that the APCOA parking lot at Moisant to be unattended.
The second question is the applicability of R.S. 9:2783. We find that the sign posted at the entrance of the APCOA parking lot fails to conform to the requirements of the statute because it does not communicate to the patron that the lot is unattended. The statute clearly requires that there be a sign prominently displayed "informing customers that the lot is unattended." (Emphasis added.) The sign in question does not contain this language or its equivalent. For the reason that the notice requirements set forth in R.S. 9:2783 have not been met, this provision is inapplicable.
Since R.S. 9:2783 does not apply, the next question is whether the posting of the sign in an unattended parking lot can be sufficient to change the lot owner's relationship from one of deposit to lease. We do not find the enactment of 9:2783 as changing prior jurisprudence. Rather, 9:2783 was enacted in response to Gauthier and is a codification of the recommendations made by the court in that decision. The "Notwithstanding any provision of law to the contrary" provision in 9:2783 merely prescribes a rule of decision if all statutory requirements are met. Even though APCOA's sign is inadequate to satisfy the statute, we see no reason why the lot owner should be prohibited from establishing his relationship through other alternatives. The mutual intent of the parties can be inferred from the circumstances, taking into consideration the type of parking arrangement and any notice given to the patron by the lot owner purporting to limit his liability.
The last question, therefore, is whether notice was adequate. The sole argument offered by plaintiff is that Maslarski did not see the sign when he entered the parking lot. Although it may be true that Maslarski did not see the sign, this is not an absolute defense; it is only a factor to be considered by the trier of fact in determining whether the size and location of the sign was adequate to give notice to a prudent man exercising a reasonable degree of attention that the parking arrangement was a lease of space and the patron assumed the risk of any loss.
The trial court determined that the sign posted by APCOA was of sufficient size and in a proper location to give notice that APCOA was leasing space and that Maslarski assumed the risk of any loss. Since this is largely a factual determination made by the trial judge, our review of the record is limited by the "manifest error" standard of review, as set out in Canter v. Koehring Company, 283 So.2d 716 (La.1973), and Arcenaux v. Domingue, 365 So.2d 1330 (La.1978). Under the authority of these cases, this court is constrained to give great weight to the trier of fact's determinations, and we are prohibited from substituting our evaluations and determinations for those made by the trial court. We find no manifest error in the judgment rendered by the trial court.
The trial court also determined that the plaintiff failed to prove, either by acts of commission or omission, that APCOA breached a legal duty owed to Maslarski.
*635 We find the facilities at Moisant to be adequate and there has been no evidence offered that the operation was conducted in a less than prudent fashion.
Accordingly, for the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal to be borne by appellant.
AFFIRMED.
REDMANN, C.J., concurs with reasons.
REDMANN, Chief Judge, concurring.
I join in the reasoning that no liability is present independent of R.S. 9:2783. But I believe a sign announcing "We provide parking space for your vehicle only" at a lot where customers must park their own vehicles reasonably informs customers that the lot is unattended.