ON REHEARING
|, McKAY, Judge.
The plaintiff, Ronald Ritter, appeals the trial court’s granting the defendant U-Park Systems of Louisiana, Inc., motion for summary judgment.
On May 9, 1995, the plaintiff contracted with the defendants for daily parking at 750 Rampart Street. He was issued a parking permit and began parking his car on the defendant’s lot. On May 18, 1995, the plaintiffs car was stolen from the lot. The contract between the parties states that:
This is not a bailment, only space rented at owner’s risk. U-Park systems of Louisiana, Inc. shall have no liability whatsoever to the customer or any other parties for any injury, loss, cost or damage, no matter how arising, included but not limited to any vehicle or its contents, except for liability from the willful misconduct or gross negligence of U-Park Systems in enforcing its rights.
The plaintiff argues that the trial court erred in finding that this was a lease for parking and not a contract of deposit between the parties. He also argues that the trial court erred in holding that the contract language was sufficient to prove that the parties contemplated an unattended parking lot.
The defendant argues that the plaintiff was aware of the terms of the parking contract that he signed and that it was a lease not a bailment or compensated depository. In support of this the defendant cites that the plaintiff parked his car, kept his keys and could come and go as he pleased. The defendant relies upon the | ¡immunity clause in La. R.S.9:2783 which was enacted in 1983 as a “safe harbor provision” for the benefit of unattended parking lot operators and which was amended in 1997 by Acts 1997, No. 1406 § 1 changing the heading to:
Public parking meters; public and private parking lots and garages which states:
Notwithstanding any provisions of the law to the contrary, the leaving or parking of a vehicle by any person at a parking meter operated by any municipality or other political subdivision or at any privately owned unattended parking lot, when such parking lot has signs prominently displayed informing customers that the lot is unattended and when the owner retains the keys, shall not give rise to a contract of deposit but only to one of hiring or letting out space, and neither the political subdivision nor *155 the parking lot owner shall thereby incur the obligation or the responsibilities of a depositary for loses as a result of theft, vandalism, or property damage.
Pursuant to La. C.C. art 2926, a deposit is an act by which a person receives the property of another, binding himself to preserve it and return it in kind.
In Sovereign Marine and General Insurance Co. v. APCOA Parking, 487 So.2d 631 (La.App. 4th Cir.1986), the plaintiff parked his car in a short-term parking lot, and entered through a controlled devise known as a “ticket spitter”. When the owner of the vehicle returned he discovered that his car had been stolen. Although there was a sign posted at the entrance of the lot stating in essence that the lot owner was not responsible for loss or theft of the vehicle, La. R.S. 9:2783 was not applicable because the sign did not advise that the lot was unattended. The Court held that a lease relationship existed under the facts of the case. Sovereign is distinguishable from the case sub judice because it was decided after a trial on the merits was had on the issue of negligence. In the instant case only the issue of lease versus compensated depositary was heard and ruled on. Furthermore, in Sovereign, the theft happened at an airport short-term parking lot and there was a 13sign posted “park at your own risk.” The Court held that since the posted sign did not have the language that the lot was unattended the statute was not applicable. Under Sovereign, if the relationship is one of deposit a presumption is raised that the loss resulted from a lack of due care on the part of the depositary and the burden is on the depositary to exonerate him from fault. If under a lease, the plaintiff must then prove that the lot owner did not maintain suitable facilities or was negligent in the conduct of his business. This is the same problem we are confronted with in the instant matter. We have a parking lease and the negligence issue is still outstanding.
Before La. R.S. 9:2783 was promulgated in 1983, it had been recognized that the general rule was that parking lots were to be treated as compensated depositaries as held by this Circuit in St. Paul Fire & Marine Ins. Co. v. Zurich Insurance Co., 250 So.2d 451 (La.App. 4th Cir.1971). St. Paul Fire also recognized the lease of space exception to the general rule by relying on certain factors, which militate against a finding of deposit. Other factors indicating a mere leasing of space (often incorporated in the ‘U-Park’ system) are parking by the owner himself, retention of the keys and free access to the car by the owner, unrestricted movement by him while on the lot, and similar considerations tending to show there was in no way an assumption of control or act of dominion by parking personnel. Simply, it is a self-service parking operation. Id. at 453.
In the instant case the defendant does not meet the requirements under La. R.S. 9:2783, because there is no proof that there was a prominently displayed sign notifying patrons that there was no attendant on duty. However, the defendant does meet the requirement that the car owner kept his own keys and could come and go as he pleased. The contract clearly informs the owner of the vehicle that | ¿this is a mere lease and not a deposit or “bailment” which would impose further responsibilities on the owner of the parking lot. Following, Sovereign, and applying the facts of this case the defendant made it abundantly clear that the contract created a relationship between the parties which was not one of deposit or “bailment” but one of lease, thus subjecting the defendant to a negligence action.
The plaintiff argues that there are material issues of fact still not established and that the judge was wrong in granting the motion for summary judgment and dismissing the deposit/ “bailment issue.” Plaintiffs argument is based on the allegations that on numerous occasions he saw employees of the parking lot and assumed that the lot was attended and that he was *156 neither informed verbally nor orally that the lot was unattended.
Notwithstanding the plaintiffs argument, the defendant contends that its operation is strictly self-service. Full-monthly parkers are allowed and fees are due in advance. Any questions to the management are by phone or mail. Attendants on the lot are there merely to check permits and collect payments by hourly parkers. They also claim that there are no attendant service buildings on the lot. They claim their contract has clear language that the customer is merely renting and that they are not a “bailment.” They also give customers notice that they have no liability for damages or theft to customer’s cars except for willful misconduct or gross negligence.
The trial court held that the contract had sufficient language to prove that all parties knew the lot was unattended. It looked at the four corners of the contract and held the plaintiff knew this was not a bailment and that the defendant had assumed no risk. The judge ruled this was a lease. Since this was a partial summary judgment the plaintiff still has the negligence issue at bar. The plaintiff |Bwill suffer no irreparable harm from the ruling of the trial court. According great deference to the trial court, we find no manifest error in its conclusion that the relationship between the parties was one of lease and not one of compensated depositary. Therefore, we affirm the ruling of the trial court.
AFFIRMED.